713 A.2d 1104

**Patricia M. VAN DINE (Danyluk), Appellee,**

v.

**George D. GYURISKA, Sr., Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 22, 1998.

Decided April 24, 1998.

George D. Gyuriska, Sr., pro se.

Gregory B. O'Connell, for Patricia M. Van Dine.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

CAPPY, Justice:

The sole issue presented is whether the trial court abused its discretion in denying Appellant, George Gruyiska, a *de novo* hearing in a child custody matter. For the reasons which follow, we find that Appellant was entitled to a *de novo* hearing and thus, reverse the orders of the lower courts.

The relevant facts of this case are as follows. Patricia Van Dine (Appellee) and George Gyuriska (Appellant) have been involved in a custody dispute since their divorce in 1986. In August 1994, Appellee petitioned the Court of Common Pleas of Lackawanna County for primary physical custody of the parties' three children. A master was appointed to hear this matter. The hearing was held December 23, 1994. Appellant refused to participate in the master's hearing because he considered the hearing "illegal." The master filed his report and recommendation on March 28, 1995. Appellant filed exceptions to the master's report, alleging 27 errors, including that the hearing violated Pennsylvania law, which provided custody matters could not be heard by a master. Appellant also demanded a jury trial. The trial court heard oral arguments on the exceptions in July 1995. Following the hearing,

the trial court issued an order affirming the master's report, and denying Appellant's request for a jury trial.

The Superior Court affirmed. Although the court recognized that Appellant set forth "the appropriate statement of the law" with regard to his right to demand a trial before a judge, the court determined that the master considered the appropriate legal standards in making his final custody determination. Therefore, "in the interest of justice and judicial economy," the Superior Court held that the master's report would stand. There was one dissent.

 In reviewing a lower court's denial of an appellant's right to a *de novo* hearing, we employ an abuse of discretion standard.

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused. *In Re Women's Homeopathic Hospital of Philadelphia,* 393 Pa. 313, 316, 142 A.2d 292, 294 (1958).

*Melzer v. Witsberger,* 505 Pa. 462, 475 n. 8, 480 A.2d 991, 997 n. 8 (1984).

The Pennsylvania Rules of Civil Procedure provide that "[n]o master may be appointed in a claim for legal, physical or shared custody or paternity." Pa.R.C.P.1920.51(a)(2)(iii). Similarly, 23 Pa.C.S. Section 3321, relating to "Hearing by Master," provides that "[t]he court may appoint a master to hear testimony on all or some issues, except issues of custody and paternity." Both Rule 1920.51 and Section 3321 were in effect at the time that the master was appointed to hear the instant custody matter.[1]

Although a master may currently hear partial custody and visitation matters, there is no similar provision allowing a

---

1. Although courts may not appoint masters to hear custody cases, as the Superior Court recognized in *Ashford v. Ashford,* 395 Pa.Super. 125, 576 A.2d 1076 (1990), courts often appoint masters or hearing officers to initially review and conciliate custody matters.

master to hear primary physical custody issues. The Rules of Civil Procedure were recently modified to suspend Section 3321 as it relates to partial custody and visitation matters. Pa.R.C.P.1920.91(3). The partial suspension of Section 3321 could have encompassed primary physical custody. The fact that the suspension only pertains to partial custody and visitation makes it clear that a trial judge and not a master or hearing officer may make determinations related to primary physical custody matters.

Moreover, the Superior Court in interpreting similar legislation has concluded that there is a right to a *de novo* hearing in custody matters.[2] *Ashford v. Ashford*, 395 Pa.Super. 125, 576 A.2d 1076 (1990). In *Ashford*, the Superior Court held that the trial judge had the discretion to reject the master's findings and determine custody matters. *Id.* at 132, 576 A.2d at 1079. The Superior Court relying on the Rules of Civil Procedure determined that masters or hearing officers do not have any authority to hear or make recommendations relating to custody. *Id.* at 130, 576 A.2d at 1078. Based, in part, on Section 3321,[3] the Superior Court concluded that a party to any custody action was entitled to a *de novo* hearing if she was unwilling to accept the result of the proceeding before a master.[4] *Id.* The same result is dictated in the instant matter.

Appellant was entitled to a hearing on the custody matter before a trial judge. The case *sub judice* involved a primary physical custody matter and not a partial custody or visitation matter. Appellant requested that the custody matter be heard by a trial judge, which was denied. The Superior Court acknowledged that Appellant was entitled to a hearing before a trial judge as a statutory right, but declined to give him this

2. The case law applies, in part, to 48 P.S. § 92, Judges to decide disputes as to children's custody, which was repealed December 1990.

3. At the time of *Ashford*, Section 3321 was 23 P.S. § 304.

4. A *de novo* hearing is required in a custody action if one of the parties believes that it is necessary for the trial court to directly perceive the live testimony of witnesses and evidence. *Ashford* at 132, 576 A.2d at 1079.

right "in the interests of justice and judicial economy." We reject this reasoning.

Issues related to child custody are of paramount importance to our society. This court, in suspending part of Section 3321, specifically declined to suspend that section as it relates to custody. Thus, the law dictates that matters relating to custody are to be heard by a trial judge. Accordingly, Appellant in the instant matter was entitled to a *de novo* hearing as a matter of law, and as such the lower courts abused their discretion when they failed to give him this right.

The order of the Superior Court, denying Appellant's right to a *de novo* hearing is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion.