**Eric LITTMAN, Appellee**

v.

**Sylvia VAN HOEK, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 13, 2001.
Filed Dec. 27, 2001.

Steven E. Krawitz, Stroudsburg, for appellant.

Thomas F. Farley, Hawley, for appellee.

BEFORE: JOYCE, STEVENS, and BECK, JJ.

BECK, J.:

¶ 1 Appellant, Sylvia Van Hoek, appeals from the order granting primary physical custody of the parties' minor son to appellee, Eric Littman. For the reasons that follow, we vacate the trial court's order and remand for proceedings consistent with this opinion.[1]

¶ 2 Appellant and appellee are the parents of one child, a boy, who was born on January 7, 1998. The parties separated in 1999 and subsequently appellee petitioned the Court of Common Pleas of Pike County for primary physical custody of the child. By order of the trial court, a master was appointed. A hearing in front of the master was held on October 28, 1999. An agreement between the parties was effected granting primary physical custody to appellant and the trial court signed an order incorporating that agreement on November 3, 1999.

¶ 3 On February 11, 2000, appellee petitioned the court to modify the order, again seeking primary physical custody of his son. On February 23, 2000, the master held a second hearing. Because several issues were left unresolved after this hearing, the trial court modified the November 3, 1999 order and ordered psychological testing. The court also provided for an additional date to take testimony on appellee's pending primary physical custody pe-

tition. Testimony was again heard by the master on June 12, 2000. By order dated June 29, 2000, the court modified the February 29, 2000 order, providing for additional custody for appellee. Again, the court set an additional day for testimony to be taken. Testimony was heard by the master on August 7, 2000, after which the court scheduled another two days of testimony, which were subsequently heard on October 13, 2000 and October 23, 2000.

¶ 4 After all testimony was heard, the master, in a written report, recommended that appellee be granted primary custody of his son, with appellant having physical custody of the child on two week days each week and on alternating weekends. He also recommended that the case be referred to the Pike County Children and Youth Services and for both parents to undertake counseling. After consideration of the report and recommendation of the master, the trial court signed an order dated March 28, 2001, modifying the November 3, 1999, February 29, 2000, and June 28, 2000 orders and incorporating the master's report and recommendations. Appellee was granted primary physical custody of the child.

¶ 5 In the instant appeal, appellant asserts that the master did not have statutory authority to hear appellee's petition for primary physical custody. As a result, the trial court's custody order granting primary physical custody to appellee should be vacated. We agree.[2]

¶ 6 There is clear statutory authority addressing the issue of whether a mas-

---

1. This opinion vacates the trial court order dated March 28, 2001. We note that under the reasoning of this opinion, all prior hearings conducted by the master, including the hearing that resulted in a primary physical custody award for appellant, were similarly unauthorized. We therefore urge the trial court to

conduct full proceedings on this primary physical custody matter in a timely fashion.

2. Because we find that the master had no authority to hear this matter, we need not address appellant's remaining issues.

ter has authority to hear a primary physical custody matter. Primarily, 23 Pa.C.S. § 3321, relating to "Hearing by Master," provides, "[t]he court may appoint a master to hear testimony on all or some issues, **except** issues of custody and paternity" (emphasis added). This provision was modified by the Pennsylvania Rules of Civil Procedure, which suspended section 3321 as it relates to partial custody and visitation. Pa.R.C.P. 1920.91(3). Also enacted was Pennsylvania Rule of Civil Procedure 1915.4–1(a), "Alternative Hearing Procedures for Partial Custody or Visitation Actions," which provides, "[e]xcept as provided in subdivision (b), an action for **partial custody** or **visitation** may be heard by a hearing officer as prescribed by Rule 1915.4–2" (emphasis added). Clearly, a trial court can only appoint a master to hear partial custody or visitation matters.

¶ 7 Our Supreme Court has addressed this issue. In *Van Dine v. Gyuriska*, 552 Pa. 122, 713 A.2d 1104 (1998), the Pennsylvania Supreme Court recognized the partial suspension of 23 Pa.C.S. § 3321 and held that where a party is seeking primary physical custody and a master has conducted a hearing, the parties are entitled to a *de novo* hearing before a trial judge. *Id.* at 1105. In reaching its holding, the Supreme Court stated:

> Although a master may currently hear partial custody and visitation matters, there is no similar provision allowing a master to hear primary custody issues. The Rules of Civil Procedure were recently modified to suspend Section 3321 as it relates to partial custody and visitation matters. The partial suspension of Section 3321 could have encompassed primary physical custody. The fact that the suspension only pertains to partial custody and visitation makes it clear that a trial judge and not a master or hearing officer may make determina-

tions related to primary physical custody matters.

*Id.* (internal citations omitted).

¶ 8 There is no dispute in the instant case that appellee has petitioned for primary physical custody. Both statutory law and our Supreme Court mandate that matters relating to primary physical custody be heard by a trial judge. The master who was appointed to hear this matter, therefore, did not have the statutory authority to do so. Accordingly, we vacate the trial court's order dated March 28, 2001 granting custody to appellee and remand this matter to the trial court.

¶ 9 Order vacated. Case remanded to trial court for proceedings consistent with this opinion. Jurisdiction relinquished.