J-S33030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.T.M. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| K.B. N/K/A K.O. | : | |
| | : | |
| Appellant | : | No. 282 MDA 2019 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.O. | : | |

Appeal from the Order Entered January 14, 2019
In the Court of Common Pleas of Schuylkill County
Domestic Relations at No(s):  S-183-2012

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:  **FILED: SEPTEMBER 16, 2019**

K.B. n/k/a K.O. ("Mother") appeals from the January 14, 2019 order denying, in part, her petition for modification of a custody order with respect to her daughter, A.M. ("Child"), born in August of 2011.[1]  After careful review, we vacate and remand.

---

[1] The trial court granted J.O., Child's maternal grandmother, intervenor status in the underlying custody action in 2014.  J.O. is not participating in the instant appeal.

D.T.M. ("Father") commenced the underlying child custody action against Mother in 2012, concurrently with a divorce action, when Child was approximately five months old.[2] Protracted litigation ensued, which we summarize in relevant part. Father has had primary physical custody[3] throughout the history of this case. Mother initially had partial physical custody,[4] which the trial court decreased to supervised physical custody[5] in January of 2014, due to her alcoholism and convictions on two charges of driving under the influence.

In March of 2016, Mother filed a petition for modification wherein she requested shared physical custody.[6] The trial court held an evidentiary hearing in November of 2016. The evidence revealed that Mother was making progress in her recovery from alcoholism.

---

[2] This custody matter is governed by the Child Custody Act, 23 Pa.C.S. §§ 5321-5340 ("the Act"), which became effective on January 24, 2011.

[3] The Act defines "primary physical custody" as "The right to assume physical custody of the child for the majority of time." 23 Pa.C.S. § 5322.

[4] The Act defines "partial physical custody" as "The right to assume physical custody of the child for less than a majority of the time." *Id.*

[5] The Act defines "supervised physical custody" as "Custodial time during which an agency or an adult designated by the court or agreed upon by the parties monitors the interaction between the child and the individual with those rights." *Id.*

[6] The Act defines "shared physical custody" as "The right of more than one individual to assume physical custody of the child, each having significant periods of physical custodial time with the child." *Id.*

By order dated January 4, 2017 ("existing custody order"), the trial court granted the parties shared legal custody, Father primary physical custody, and Mother partial physical custody during the school year on alternating weekends from Friday at 4:00 p.m. to Sunday at 6:00 p.m. In addition, during the school year, the court granted Mother custody every Wednesday overnight beginning after school, or at 4:00 p.m., until the beginning of school, or at 8:00 a.m., on Thursday mornings. During the summer, the trial court granted Mother shared physical custody on an alternating weekly basis.

In July of 2017, Mother filed a petition for modification seeking shared physical custody during the school year. On October 5, 2017, following an evidentiary hearing, the trial court denied Mother's petition and directed that the existing custody order remain in effect.

Mother filed *pro se* the subject modification petition on August 2, 2018, wherein she once again requested shared physical custody during the school year on an alternating weekly basis, *inter alia*. Following a custody conciliation conference, an evidentiary hearing occurred before a custody hearing officer on October 17, 2018, during which Mother was represented by counsel, and Father appeared *pro se*. Mother testified on her own behalf, and she presented the testimony of her fiancé, C.C. Father testified on his own behalf. The testimony revealed, in part, that Mother and Father reside a distance apart of approximately three miles. N.T., 10/17/18, at 5.

On October 22, 2018, the hearing officer filed a report in the trial court in which he summarized the testimonial evidence. The hearing officer stated, in part, "the consensus is that Mother has remained sober for the last few years." Report, 10/22/18, at 2 (unpaginated). The hearing officer concluded,

> [C]hild is thriving under the current custody arrangement. As such, in the opinion of this officer, the schedule should remain in place subject, however, to slight modifications. Specifically, [C]hild on Mother's weekend should be permitted to stay with Mother until Monday morning when [C]hild would be returned to school. If that Monday is a holiday, then [C]hild would be returned to Father. In addition, Mother's request for the alternating Christmas and Easter holidays is reasonable and is being recommended to be approved.[7] Further, Mother should be permitted to pick-up [C]hild at school on the Friday of her custodial weekend. As such, that will also be recommended. However, as stated above, other than these minor modifications, the court is hesitant to disrupt the custodial arrangement that appears to be serving [C]hild's best interest.

Report, 10/22/18, at 8.

On November 9, 2018, Mother timely filed *pro se* written exceptions to the report pursuant to Pennsylvania Rule of Civil Procedure 1915.4-2(b)(4)(5) and Schuylkill County Rule of Civil Procedure 1915.4-2(g). Mother alleged

---

[7] Specifically, the hearing officer recommended, pursuant to Mother's request, "the parties should alternate the Christmas and Easter holidays such that each parent will enjoy the eve of the holiday into the holiday in alternating years." Report, 10/22/18, at 8.

that the hearing officer's recommendation failed to address each of the custody factors set forth in 23 Pa.C.S. § 5328(a), *inter alia*.[8]

By order dated and entered on January 14, 2019, the trial court granted the parties shared legal custody, Father primary physical custody, and Mother partial physical custody during the school year on alternating weekends from Friday at 4:00 p.m. until Monday morning when Child is returned to school. In addition, the court maintained Mother's custody schedule every Wednesday overnight. During the summer, the court maintained shared physical custody on an alternating weekly basis between the parties. In addition, the court set forth a Christmas and Easter holiday schedule as recommended by the hearing officer. Finally, the court provided, "The Exceptions filed by [Mother] and filed by [Father] are DENIED and DISMISSED." Order, 1/14/19, at ¶ 12.

On February 8, 2019, Mother timely filed a notice of appeal and a concise statement of errors complained of on appeal. The trial court filed its opinion pursuant to Pa.R.A.P. 1925(a) on March 12, 2019.

Mother presents the following issues for our review:

1. Whether the [trial] court erred in not assuring that the Hearing Officer set forth an assessment of each [c]ustody [f]actor[] set forth in 23 Pa.C.S.A. § 5328(a) in relation to the evidence of record, and erred in not setting forth its own assessment of each [c]ustody [f]actor in relation to the evidence of record?

---

[8] On December 24, 2018, Father filed exceptions to the hearing officer's report. On January 2, 2019, Mother filed a motion to strike Father's exceptions as untimely. By order dated January 14, 2019, the trial court dismissed as moot Mother's motion.

2. Whether the [trial] court erred in setting forth an Order that is contrary to a proper consideration of the evidence of record as applied to the [c]ustody [f]actors set forth in 23 Pa.C.S.A. § 5328(a)?

3. Whether the [trial] court erred in failing to even address [Mother]'s Exceptions[?]

Mother's brief at 7.

We review Mother's issue according to the following scope and standard of review:

> [T]he appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. . . . However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. . . . Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion.

> **R.M.G., Jr. v. F.M.G.**, 986 A.2d 1234, 1237 (Pa. Super. 2009) (quoting **Bovard v. Baker**, 775 A.2d 835, 838 (Pa. Super. 2001)). Moreover,

> [O]n issues of credibility and weight of the evidence, we defer to the findings of the trial [court] who has had the opportunity to observe the proceedings and demeanor of the witnesses.

> The parties cannot dictate the amount of weight the trial court places on evidence. Rather, the paramount concern of the trial court is the best interest of the child. Appellate interference is unwarranted if the trial court's consideration of the best interest of the child was careful and thorough, and we are unable to find any abuse of discretion.

> *R.M.G., Jr., supra* at 1237 (internal citations omitted). The test is whether the evidence of record supports the trial court's conclusions. *Ketterer v. Seifert*, 902 A.2d 533, 539 (Pa. Super. 2006).

*A.V. v. S.T.*, 87 A.3d 818, 820 (Pa. Super. 2014).

The primary concern in any custody case is the best interests of the child. "The best-interests standard, decided on a case-by-case basis, considers all factors that legitimately have an effect upon the child's physical, intellectual, moral, and spiritual well[-]being." *Saintz v. Rinker*, 902 A.2d 509, 512 (Pa. Super. 2006), *citing* *Arnold v. Arnold*, 847 A.2d 674, 677 (Pa. Super. 2004).

It is well-settled that, in determining the best interests of the child, trial courts are required to consider "**[a]ll** of the factors listed in section 5328(a) . . . when entering a custody order." *J.R.M. v. J.E.A.,* 33 A.3d 647, 652 (Pa. Super. 2011) (emphasis in original). This statutory section provides as follows.

> **§ 5328. Factors to consider when awarding custody.**
>
>   **(a)  *Factors.*** – In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:
>
>     (1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.
>
>     (2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and

which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S. § 5328(a).

We have explained the trial court's responsibilities with respect to custody orders as follows:

> Section 5323(d) provides that a trial court "shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). Additionally, "section 5323(d) requires the trial court to set forth its mandatory assessment of the sixteen [Section 5328 custody] factors prior to the deadline by which a litigant must file a notice of appeal." **C.B. v. J.B.,** 65 A.3d 946, 955 (Pa. Super. 2013), *appeal denied*, 70 A.3d 808 (Pa. 2013). . . .
>
> In expressing the reasons for its decision, "there is no required amount of detail for the trial court's explanation; all that is required is that the enumerated factors are considered and that the custody decision is based on those considerations." **M.J.M. v. M.L.G.,** 63 A.3d 331, 336 (Pa. Super. 2013), *appeal denied*, [620 Pa. 710], 68 A.3d 909 (2013). A court's explanation of reasons for its decision, which adequately addresses the relevant factors, complies with Section 5323(d). **Id.**

**A.V.**, 87 A.3d at 822-823.

Relevant to this case is Pennsylvania Rule of Civil Procedure 1915.4-1, which permits trial courts to adopt an alternative procedure for partial custody actions, as follows:

**Rule 1915.4-1. Alternative Procedures for Partial Custody Actions**

**(a)** A custody action shall proceed as prescribed by Pa.R.C.P. No. 1915.4-3 unless the court, by local rule, adopts the alternative hearing procedure authorized by Pa.R.C.P. No. 1915.4-2 pursuant to which an action for partial custody may be heard by a hearing officer, except as provided in subdivision (b).

**(b)** Promptly after the parties' initial contact with the court as set forth in Pa.R.C.P. No. 1915.4(a), a party may move the court for a hearing before a judge, rather than a hearing officer, in an action for partial custody where:

> **(1)** there are complex questions of law, fact or both; or

> **(2)** the parties certify to the court that there are serious allegations affecting the child's welfare.

. . .

Pa.R.C.P. 1915.4-1(a). In this case, Schuylkill County Rule of Civil Procedure

1915.4(f) provides "that partial custody matters may be heard by a Custody

Officer." Trial Court Opinion, 3/12/19, at 5.

In addition, Pa.R.C.P. 1915.4-2 provides, in pertinent part:

**Rule 1915.4-2. Partial Custody. Office Conference. Hearing Record. Exceptions. Order.**

. . .

**(b)** Hearing.

. . .

> **(4)** Within twenty days after the date the hearing officer's report is mailed or received by the parties, whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final order, leave is granted to file exceptions

- 10 -

raising those matters. If exceptions are filed, any other party may file exceptions within twenty days of the date of service of the original exceptions.

**(5)** If no exceptions are filed within the twenty-day period, the court shall review the report and, if approved, enter a final order.

**(6)** If exceptions are filed, the court shall hear argument on the exceptions within forty-five days of the date the last party files exceptions, and enter an appropriate final order within fifteen days of argument. No motion for Post-Trial Relief may be filed to the final order.

Pa.R.C.P. 1915.4-2(b).[9]

Our Supreme Court has explained the trial court's responsibilities with respect to custody actions that proceed before a hearing officer, as follows:

[T]he trial court is required to make an independent review of the record to determine whether the hearing officer's findings and recommendations are appropriate. ***See generally*** Pa.R.C.P. 1915.4-1, 1915.4-2. Although advisory, the hearing officer's report and recommendations are given the fullest consideration particularly on the issue of credibility of witnesses, which the trial court is not empowered to second-guess. ***See generally Neil v. Neil***, 731 A.2d 156 (Pa. Super. 1999) (holding that reviewing court may not second-guess hearing officer's credibility determinations).

***T.B. v. L.R.M.***, 753 A.2d 873, 881-882 (Pa. Super. 2000) (*en banc*).

---

[9] With respect to Pa.R.C.P. 1915.4-2(b), Mother states in her brief that Schuylkill County Rule of Civil Procedure 1915.4-2(i) provides "that the exceptions to the hearing officer's report shall be decided on the briefs of the parties unless oral argument is requested by praecipe of one or more parties." Mother's brief at 53. Here, the record reveals that the parties submitted briefs on their respective exceptions, but they did not request oral argument.

In her first issue, Mother asserts that the trial court erred in failing to require the hearing officer to set forth its assessment of all of the Section 5328(a) factors and/or erred in failing to set forth its own assessment of the requisite factors. In her related third issue, Mother asserts that the court erred in failing to address the exceptions she filed to the hearing officer's report. We are constrained to agree.[10]

We first address the trial court's conclusion in its Rule 1925(a) opinion "that Mother waived any argument regarding shared physical custody by submitting to the jurisdiction of the Hearing Officer who is only empowered to hear and decide matters of partial custody." Trial Court Opinion, 3/12/19, at 5. Because Mother did not object to the custody case proceeding before a hearing officer, the trial court concludes, "Mother waived her initial request to change [partial physical] custody to shared custody." *Id.* at 6.

The court cites *Littman v. Van Hoek*, 789 A.2d 280 (Pa. Super. 2001), in concluding that the hearing officer in this case "was without power to grant Mother's request for shared custody." *Id. Littman* is inapplicable.

We explained in *Littman*, "Both statutory law and our Supreme Court mandate that matters relating to **primary physical custody** be heard by a trial judge." *Littman*, 789 A.2d at 282 (emphasis added). Specifically, we discussed the relevant Rules of Civil Procedure, as follows, in part:

---

[10] Based on this disposition, we need not consider Mother's second issue on appeal.

> Also enacted was Pennsylvania Rule of Civil Procedure 1915.4-1(a), "Alternative Hearing Procedures for Partial Custody or Visitation Action," which provides, "except as provided in subdivision (b), an action for **partial custody** or **visitation** may be heard by a hearing officer as prescribed by Rule 1915.4-2" (emphasis added). Clearly, a trial court can only appoint a master to hear partial custody or visitation matters.

*Id.*[11] We also discussed ***Van Dine v. Gyuriska***, 713 A.2d 1104 (Pa. 1998), wherein our Supreme Court explained that the Rules of Civil Procedure provide "'that a trial judge and **not** a master or hearing officer may make determinations related to **primary physical custody** matters.'" ***Littman***, 789 A.2d at 282 (emphasis added) (citing ***Van Dine***, 713 A.2d at 1105 (internal citations omitted)).

---

[11] Rule 1915.4-1, set forth above, was amended in September of 2013. The amended Rule omitted alternative hearing procedures for "visitation." This amendment is consistent with the Act, which does not include "visitation" as a type of custody award. Indeed, the Act provides, in pertinent part:

**§ 5323. Award of Custody.**

**(a)  *Types of award.*** — After considering the factors set forth in section 5328 (relating to factors to consider when awarding custody), the court may award any of the following types of custody if it is in the best interest of the child:

**(1)** Shared physical custody.
**(2)** Primary physical custody.
**(3)** Partial physical custody.
**(4)** Sole physical custody.
**(5)** Supervised physical custody.
**(6)** Shared legal custody.
**(7)** Sole legal custody.

23 Pa.C.S. §5323(a).

In **_Littman_**, we did not discuss whether statutory and case law permit a hearing officer to preside over requests for shared physical custody, which was Mother's request at issue in this case. Therefore, **_Littman_** is not controlling.

However, in **_C.A.B. v. P.D.K._**, 74 A.3d 170 (Pa. Super. 2013), this Court affirmed a custody order that adopted the recommendations of a hearing officer for shared legal and physical custody between the parties. In that case, we affirmed the trial court's order awarding the appellant, who was the mother's former husband, shared legal and physical custody with the child's mother and her fiancé. There was no dispute that Mothers fiancé, with whom she resided, was the child's biological father. The custody hearing was held before a hearing officer who recommended shared legal and physical custody between the aforementioned parties. It is important to note that the record reflected the hearing officer "thoroughly considered the statutory factors relevant to a custody determination . . . ." **_C.A.B._**, 74 A.3d at 178.

Because the appellant in **_C.A.B._** did not file exceptions pursuant to Rule 1915.4-2(b)(4), this Court held that he waived the issue on appeal regarding whether the trial court abused its discretion in finding the child's best interests served by awarding shared custody to his biological father. Even if the appellant had preserved the issue, we held that the trial court did not err or abuse its discretion in adopting the recommendation of the hearing officer because "the hearing officer was highly conscientious in discerning the child's

best interests, and recommended a custody arrangement that equitably balanced the competing interests of all persons involved." **C.A.B.**, 74 A.3d at 179. Based on **C.A.B**., we disagree with the trial court that Mother waived her shared physical custody request by submitting to the jurisdiction of the hearing officer.

Furthermore, Mother, during the proceeding before the hearing officer on October 17, 2018, testified regarding her request for shared physical custody on an alternating weekly basis during the school year. **See** N.T., 10/17/18, at 17-18. The hearing officer recommended that the trial court deny Mother's request for shared physical custody during the school year, but he did so without considering all of the Section 5328(a) custody factors, as explained *infra*. Report, 10/22/18, at 8 (unpaginated). Moreover, Mother timely filed exceptions, wherein she raised this issue.

The hearing officer stated in his report, "The Custody Act sets forth sixteen Factors that the court is to consider." Report, 10/22/18, at 7 (unpaginated). He continued:

> Notably one of the Factors is the need for stability and continuity in a child's education, family life and community life. Courts are hesitant to disrupt custodial arrangements that have served the child's best interest, **Wiseman v. Wall**, 718 A.2d 844 (Pa. Super. 1998). Continuity and stability in a child's life, both with the child's known physical environment and relationships with family, are essential factors in any best interest analysis. The goal of any custody action is to minimize disruption to the child, who is an innocent bystander to the parents' domestic troubles, **S.J.S. v. M.J.S.**, 76 A.3d 541 (Pa. Super. 2013).

**Id.** The hearing officer found, in total:

In weighing all of the Factors, including the aforementioned Factor, both parties present as loving and capable parents. Both appear to attend to the child's physical, emotional, developmental, and educational needs. Both parties are employed.

Mother does have a history of alcohol abuse, however, the evidence supports that she has remained sober for several years.

Report, 10/22/18, at 7-8. He concluded:

The child is thriving under the current custody arrangement. As such, in the opinion of this officer, the schedule should remain in place subject, however, to slight modifications. . . . However, as stated above, other than these minor modifications, the court is hesitant to disrupt the custodial arrangement that appears to be serving the child's best interest.

*Id.* at 8.

The hearing officer did not assess all of the Section 5328(a) custody factors in the report or on the record in open court. The hearing officer appears to have considered Section 5328(a)(4), the need for stability and continuity in the child's education, family life and community life, to the exclusion of the other factors. Further, it is well-established that it is within the purview of the fact finder to determine which of the Section 5328(a) custody factors "are most salient and critical in each particular case." *M.J.M. v. M.L.G.*, 63 A.3d 331, 339 (Pa. Super. 2013). The Act provides only that trial courts give weighted consideration to those factors affecting the safety of the child. In this case, the hearing officer's analysis of Section 5328(a)(4) did not implicate Child's safety. We conclude that the hearing officer violated the

Act by considering Section 5328(a)(4) to the exclusion of the other factors and finding it dispositive of Mother's shared physical custody request.

It follows that the trial court erred and abused its discretion in denying Mother's exceptions to the hearing officer's report and, in effect, adopting the hearing officer's recommendations without considering the Section 5328(a) custody factors in a written opinion or on the record in open court. *See* ***J.R.M.***, 33 A.3d at 652; *see also* ***M.J.M.***, 63 A.3d at 339 (explaining, "the Legislature has created a mandatory inquiry to aid trial courts in determining the best interests of the child in a custody dispute.").

We recognize in ***M.O. v. J.T.R.***, 85 A.3d 1058 (Pa. Super. 2014), this Court held that Section 5328(a) is not implicated in cases where an order does not change the "type" of the underlying custody award, or change the amount of custodial time awarded to a party. In ***M.O.***, we explained:

> The court was not deciding physical or legal custody, nor even changing the amount of custodial time that either party had with the Children. Rather, the trial court addressed a subsidiary issue: whether Father was required to be off from work while the Children stayed with him for a portion of the summer. After hearing the evidence that the parties presented limited to that sole issue, the trial court decided that Father could work during the three weeks in question. While the court's ruling modified its prior order, it did not change the underlying award of custody.

***M.O.***, 85 A.3d at 1062-1063.

***M.O.*** is inapplicable. In this case, Mother specifically requested a change in the "type" of custody during Child's school year. Petition, 8/2/18, at ¶ 4. This Court has held that, even in cases where the trial court merely

reaffirms its prior custody order, it is nevertheless making a ruling on the request to change the form of physical custody; therefore, the trial court is bound to decide whether the order remains in the child's best interest, and it is obligated to consider the factors set forth in Section 5328(a). **S.W.D. v. S.A.R.**, 96 A.3d 396, 406 (Pa. Super. 2014).

Thus, as Mother filed a petition to modify custody by changing the underlying award and because the hearing officer did not consider all of the Section 5328(a) factors, the trial court erred in denying Mother's exceptions and in failing to consider Section 5328(a). **S.W.D.**, 96 A.3d at 397. Accordingly, we vacate the January 14, 2019 order, and remand the matter for the trial court to consider all of the factors from Section 5328(a) on the record or in a written opinion. The trial court shall then enter a new custody order based on its consideration and assessment of Section 5328(a) and Child's best interests.[12]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[12] While acknowledging Father's filing of documents on August 13, 2019, and Mother's counsel's response thereto filed on August 15, 2019, both noted on our docket as "Other", the documents were not considered by this panel as they were not properly filed before this Court.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2019