IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County Airport Authority,  :
                    Appellant  :
                              :
        v.                :  No.  117 C.D. 2023
                              :  Submitted:  September 11, 2023
Mark Belko and The Pittsburgh    :
Post-Gazette                :

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE STACY WALLACE, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED:  September 21, 2023

The Allegheny County Airport Authority (Authority) appeals the order dated December 21, 2022, by the Allegheny County Court of Common Pleas (Common Pleas), which affirmed the final determination of the Pennsylvania Office of Open Records (OOR) and concluded records of severance payments the Authority made to its former employees were not exempt from disclosure under the Right-to-Know Law (Law)[1] based on Pennsylvania's constitutional right to informational privacy. In addition, journalist Mark Belko and The Pittsburgh Post-Gazette (collectively, Belko) have filed an application for attorney fees in this Court, arguing the

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Authority's appeal is frivolous. After careful review, we affirm the order on appeal and deny Belko's application for fees.

## I. Background

On October 1, 2021, Belko submitted a records request to the Authority for "all severance payments made to . . . Authority employees who have been terminated or who have left the agency since Jan[uary] 1, 2015," including "the name of the employee, the amount paid, the date of departure, and the reason for leaving if available." Reproduced Record (R.R.) at 76a. The Authority denied Belko's request by letter dated November 5, 2021.[2] The Authority contended the requested records were exempt from disclosure under the Law's various exceptions, as well as the "constitutional right to privacy, and the statutory protections afforded to personnel records." *Id.* at 78a. Belko appealed to the OOR.

The OOR issued a final determination on January 31, 2022, granting in part and denying in part Belko's appeal. The OOR first rejected the Authority's argument that the records Belko requested were protected under Pennsylvania's constitutional right to privacy, explaining the law requires a balancing test to determine whether the public's interest in understanding how Commonwealth funds are spent outweighs an individual's privacy interest. R.R. at 13a-17a. After performing an overview of relevant case law, the OOR concluded there was an "ongoing and present public interest in knowing the names of individuals who have been employed and what manner of remuneration they received, even once those individuals no longer represent the public agency," which outweighed the general privacy interest an individual has in his or her name and personal finances. *Id.* at 17a. The OOR quoted at length from our Supreme Court's decision in *Pennsylvania*

---

[2] The Authority provided Belko with an entirely redacted, two-page document. R.R. at 48a-49a.

*State University v. State Employees' Retirement Board*, 935 A.2d 530 (Pa. 2007) (*Penn State*), in support of the proposition that the Authority's expenditures are public and not subject to the right to privacy. R.R. at 14a-15a.

The OOR went on to address the Authority's arguments that the records Belko requested were exempt from disclosure under the Law's various exceptions. R.R. at 17a-21a. In relevant part, the OOR concluded Belko was not entitled to receive records containing the reasons for an individual's departure from Authority employment, unless those records qualified as "financial records." *Id.* at 21a. The OOR cited Section 708(b)(7) of the Law, 65 P.S. § 67.708(b)(7), which exempts from disclosure written criticisms of an employee and information regarding discharge contained in a personnel file, among other things, and Section 708(c) of the Law, 65 P.S. § 67.708(c), which prohibits withholding or redacting financial records, except in limited circumstances. R.R. at 20a-21a. Accordingly, the OOR directed the Authority to provide Belko with "unredacted responsive records reflecting the names, severance payments and date of termination of employees who have left the agency since 2015." *Id.* at 21a.

The Authority appealed to Common Pleas, which heard argument on November 2, 2022. By order dated December 21, 2022, Common Pleas affirmed the OOR's final determination.[3] Like the OOR, Common Pleas cited our Supreme Court's decision in *Penn State*. R.R. at 183a-84a. Common Pleas observed that our Supreme Court emphasized the importance of transparency regarding the expenditure of public funds, whether "past, present or future." *Id.* at 183a (quoting

---

[3] Common Pleas explained it conducted *in camera* review of the disputed records, which consisted of "four columns of information setting forth the last names of 87 former employees, their first names, their date of departure from the . . . Authority, and the amount of each former employee's severance payment in dollars or other consideration." R.R. at 183a.

3

*Penn State*, 935 A.2d at 539-40). Common Pleas concluded the Authority's former employees were situated similarly to the employees in *Penn State*, and their privacy interests should be treated the same. *Id.* at 184a. Common Pleas also rejected the Authority's position that its former employees should receive notice and an opportunity to be heard, reasoning notice was unnecessary because both Common Pleas and "the Authority" had performed the requisite balancing test.[4] *Id.*

The Authority appealed to this Court.[5] On appeal, the Authority contends Common Pleas erred in its application of the balancing test by treating former employees like current employees. Authority's Br. at 3-13. The Authority further contends Common Pleas erred by failing to provide its former employees with notice and an opportunity to be heard. *Id.* at 3, 6, 13-15.

## II. Discussion

When Common Pleas reviews a final determination regarding the records of a local agency, it serves as the ultimate fact-finder and decides the matter *de novo*, meaning it owes the OOR no deference. *Am. C.L. Union of Pa. v. Pa. State Police*, 232 A.3d 654, 662-63 (Pa. 2020). This Court then reviews Common Pleas' decision for an abuse of discretion. *Id.* at 665. An abuse of discretion exists only if Common Pleas "overrides or misapplies the law; exercises manifestly unreasonable judgment; or manifests partiality, bias, or ill will." *Id.* (citing *Van Dine v. Gyuriska*, 713 A.2d 1104, 1105 (Pa. 1998)).

---

[4] We believe Common Pleas' reference to the Authority was a typographical error, and it meant to say the OOR had performed a balancing test.

[5] This Court directed the Authority to submit the disputed records for *in camera* review, and the Authority complied. We have conducted our own *in camera* review when reaching a decision in this case.

4

Pennsylvania law recognizes a right to informational privacy, deriving from article I, section 1 of our state constitution, Pa. Const. art. I, § 1. *See Pa. State Educ. Ass'n v. Dep't of Cmty. & Econ. Dev.*, 148 A.3d 142, 150-57 (Pa. 2016). To protect this right in the context of public record requests, our courts apply a balancing test, which weighs the privacy interests of affected individuals against the public's interest in disclosure. *Id.* at 157-58. Critical to our disposition of this appeal, our Supreme Court applied that balancing test in *Sapp Roofing Company, Inc. v. Sheet Metal Workers' International Association, Local Union No. 12*, 713 A.2d 627 (Pa. 1998) (plurality), and *Penn State*.

*Sapp Roofing* involved a labor union's request for the payroll records of a private contractor, which were in the possession of a school district and related to public projects the contractor performed on the school district's behalf. 713 A.2d at 628. The records requested included "the names and addresses of [the contractor's] employees[,] . . . their social security numbers, job positions, rates of pay and hours worked on the jobs." *Id.* The labor union reportedly sought the records to ensure the non-union contractor was in compliance with the Pennsylvania Prevailing Wage Act.[6] *Id.* In his Opinion Announcing the Judgment of the Court, then-Justice Castille balanced the "weak public interest in disclosure of the information and the unproven ability of the release of the requested information to assist in the enforcement of the prevailing wage laws against the individual's right to privacy and personal security," concluding the labor union could access "wage information" from the contractor's payroll records but not any personal information. *Id.* at 630.

*Penn State*, however, involved a request by a journalist and news company for records containing salaries and service histories of certain Pennsylvania State

---

[6] Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165-1—165-17.

5

University employees. 935 A.2d at 533. The journalist requested the records from the State Employees' Retirement System, in which each of the employees had elected to participate. *Id.* Our Supreme Court held the records were subject to disclosure, applying a balancing test and distinguishing *Sapp Roofing*. *Id.* at 538-39. The Court explained that the personal information of the contractor's employees in *Sapp Roofing* was "not at all relevant" to the public's interest in enforcing the Pennsylvania Prevailing Wage Act. *Id.* at 539. In contrast, the interest at stake in *Penn State* was "the people's right to governmental transparency in the form of their right to know the identities of individuals receiving, or standing to receive, Commonwealth funds and the specific basis therefor." *Id.* Limiting its holding to "names, service history and salaries," the Court concluded "that the public's interest in governmental transparency regarding receipts and disbursements of Commonwealth funds generally outweighs any recipient's, or future recipient's, right to privacy with respect to his or her name and relevant financial data." *Id.* at 534, 539.

Here, the Authority relies primarily on *Sapp Roofing*. Authority's Br. at 11. The Authority argues its former employees, like the contractors in *Sapp Roofing*, are not "in the role of active, public employees whose information receives less protection from disclosure." *Id.* We cannot accept this argument. Disclosure of the records Belko requested serves the same important interest our Supreme Court identified in *Penn State*—government transparency regarding the expenditure of public funds. 935 A.2d at 539-40. Although the Authority's former employees are no longer "in the role of active, public employees," Authority's Br. at 11, the severance payments they received were due entirely to their former positions. There is no meaningful difference, in terms of the public's interest in disclosure, between

6

current public expenditures, such as salaries, and past public expenditures, such as severance payments. *See Penn State*, 935 A.2d at 539 ("Individuals and private entities cannot reasonably expect the Commonwealth to keep secrets from its citizens regarding the disbursement of public funds, past, present or future."). Thus, Common Pleas correctly concluded that Pennsylvania's constitutional right to informational privacy does not bar disclosure of the disputed records in this matter.

We must also reject the Authority's argument that Common Pleas should have provided its former employees with notice and an opportunity to be heard. Counsel for the Authority stated during argument before Common Pleas that he believed the former employees had received notice of the proceedings, but none of them wanted to participate. R.R. at 193a-94a; *see* Section 1101(c)(1) of the Law, 65 P.S. § 67.1101(c)(1) (permitting individuals with a direct interest in the disputed records to "file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position"). To the extent the former employees did not receive notice, the Authority could have provided that notice itself.

Regardless, procedural due process requires notice and an opportunity to be heard when government action deprives a person of a constitutionally protected life, liberty, or property interest. *See Commonwealth v. Turner*, 80 A.3d 754, 764 (Pa. 2013). Our Supreme Court's precedent demonstrates that little, "if any," constitutionally protected interest exists regarding the receipt of public funds. *See Penn State*, 935 A.2d at 540. The Court in *Penn State* made this point repeatedly, emphasizing that any person desiring to keep his or her name and "relevant financial data" private "should refuse Commonwealth disbursements . . . . The public has a right to know how the Commonwealth spends its money." *Id.* at 539. "The minute

7

any individual or entity voluntarily submits any information to the Commonwealth for the purpose of deriving a financial benefit and acquires such benefit or a contractual interest therein," the Court continued, "that information ceases to be private in nature." *Id.* at 539-40. Absent some appreciable constitutionally protected interest, we cannot conclude the Authority's former employees received inadequate due process protections.

As a final matter, Belko filed an application for fees in this Court on July 20, 2023, arguing the Authority's appeal is frivolous. The same request for fees appears in Belko's brief.[7] Essentially, Belko argues the Authority failed to disclose or attempt to distinguish the *Penn State* decision when making its arguments on appeal. *See* Appl. for Fees ¶¶ 7, 13; Belko's Br. at 8-9, 24-29. Belko cites Pennsylvania Rule of Appellate Procedure 2744, Pa.R.A.P. 2744, and Section 1304(b) of the Law, 65 P.S. § 67.1304(b), both of which provide for an award of attorney fees in the event of a frivolous appeal.

Our courts have observed "that an appeal is not frivolous simply because it lacks merit. Rather, it must be found that the appeal has no basis in law or fact." *Canal Side Care Manor, LLC v. Pa. Hum. Rels. Comm'n*, 30 A.3d 568, 576 (Pa. Cmwlth. 2011) (quoting *Menna v. St. Agnes Med. Ctr.*, 690 A.2d 299, 304 (Pa. Super. 1997)). We have described an appeal as frivolous where, among other things, the appellant failed to acknowledge or distinguish contrary legal authority. *See Venafro v. Dep't of Transp., Bureau of Driver Licensing*, 796 A.2d 384, 388 (Pa. Cmwlth. 2002).

Although we agree with Belko that *Penn State* controls our resolution of this appeal, the Supreme Court decided that case under the Law's predecessor, the Right-

---

[7] The Pennsylvania NewsMedia Association has filed an *amicus curiae* brief supporting Belko's application for fees.

to-Know Act,[8] and the Court's opinion did not expressly address severance payments to former employees or the need for additional due process protections.[9] The Authority's appeal is meritless, but we cannot conclude *Penn State* so clearly defeated its position that any appeal would be frivolous. In addition, although the Authority did not discuss *Penn State* in its brief, it attached Common Pleas' December 21, 2022 order and opinion as an appendix. Common Pleas relied on *Penn State* in its opinion, *see* R.R. at 183a-84a, so there was no risk we would be left unaware of our Supreme Court's holding in reaching a decision.

### III. Conclusion

Based on the foregoing, Pennsylvania's constitutional right to informational privacy does not bar disclosure of the disputed records in this appeal, and the Authority's former employees did not receive inadequate due process protections. We therefore affirm Common Pleas' December 21, 2022 order, which affirmed the OOR's final determination. Because the Authority's appeal was not frivolous, however, we deny Belko's application for attorney fees.

_____

STACY WALLACE, Judge

Judge Wojcik did not participate in the decision of this case.

---

[8] Act of June 21, 1957, P.L. 390, *as amended*, *formerly* 65 P.S. §§ 66.1-66.9, repealed by the Act of February 14, 2008, P.L. 6.

[9] The lack of due process protections available under the Law has remained a particular source of concern for our courts. *See City of Harrisburg v. Prince*, 219 A.3d 602, 619 n.22 (Pa. 2019) (quoting *Pa. State Educ. Ass'n*, 148 A.3d at 159-60) (reiterating the Court's "'concerns regarding the disjointed and scant procedural protections at both the request and appeal stages' with regard to third[-]party notice and opportunity to be heard").

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Allegheny County Airport Authority,  :
        Appellant  :
           :
     v.     : No.  117 C.D. 2023
           :
Mark Belko and The Pittsburgh  :
Post-Gazette      :

# **O R D E R**

**AND NOW**, this 21st day of September 2023, the order dated December 21, 2022, by the Allegheny County Court of Common Pleas is **AFFIRMED**. The application for attorney fees filed by Mark Belko and The Pittsburgh Post-Gazette is **DENIED**.

             _____
             STACY WALLACE, Judge