## In re TEN THOUSAND SIX HUNDRED EIGHTY DOLLARS ($10,680.00).

### Commonwealth of Pennsylvania, Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1999.

Decided March 29, 1999.

---

James R. Gilmore, Pittsburgh, for appellant.

Paul D. Boas, Pittsburgh, for appellee.

Before PELLEGRINI, J., KELLEY, J., and JIULIANTE, Senior Judge.

KELLEY, Judge.

The Commonwealth of Pennsylvania appeals from an order of the Court of Common Pleas of Allegheny County (trial court) entered August 23, 1996 granting Elizabeth Ly's motion to return seized property. We affirm.

On July 23, 1996, a search warrant was executed at 4927 Penn Avenue, Pittsburgh, Pennsylvania.[1] A business known as American Foods Distributors is located at 4927 Penn Avenue. The name of the owner/occupant or possessor of the premises was listed on the search warrant as Tai Thi Nguyen. Present at 4927 Penn Avenue at the time the search was executed was Elizabeth Ly who also is known as Tai Nguyen. During the search, officers searched Ly's purse and confiscated $10,680 in cash.

On August 7, 1996, Ly filed a motion to return seized property. Therein, Ly alleged that the police entered the premises where she was working and seized documents, 571 cartons of cigarettes, and $10,680 in currency, $61.00 which was found in the cash register and $10,619 which was allegedly found in

---

1. The search warrant listed the following as the items to be searched and seized: Business records, license, checking account information, U.S. currency, food stamps, cigarettes and cigars, and three Magnavox VCR's. The search warrant listed the crime, which had been or was being committed as receiving stolen property.

her purse. Ly alleged further that almost all the items had been returned except the $10,680. Ly alleged that no criminal charges were brought against anyone in the store in relation to the seizure. Ly also alleged that the seizure of the $10,680 was obtained in violation of the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution. Ly alleged that: (1) the warrant was issued without probable cause; (2) the search and seizure of the purse and its contents was beyond the scope of the probable cause and beyond the scope of the persons or premises to be searched as set forth in the warrant; and (3) no other legal basis existed to justify the seizure of the currency in question. A hearing was scheduled for August 20, 1996.

Hearings were then held on August 20, 21 and 23. During the hearing on August 20, 1996, the Commonwealth requested a postponement of the proceedings because the Commonwealth had only twelve days notice that the money had been confiscated and that it was preparing to file an affirmative forfeiture petition including interrogatories and request for production of documents. The trial court denied the Commonwealth's request for a postponement.

On August 21, 1996, the Commonwealth filed a petition for forfeiture alleging therein that the seizure was the result of an investigation into the sales and purchase of stolen goods and other crimes and that the $10,680 was derivative contraband. Therefore, the Commonwealth alleged that the money was subject to forfeiture. Based on the filing of the petition for forfeiture, the Commonwealth requested that the proceedings on the motion for return of seized property be held in abeyance until discovery had been completed with respect to the petition for forfeiture. The trial court denied the Commonwealth's request. During the hearing on August 23, 1996, the Commonwealth filed interrogatories in aid of forfeiture directed to Ly and her daughter, Thi Loan Ly.

Ly testified before the trial court in support of the motion to return seized property. Based on her testimony, which the trial court accepted as credible, the trial court found as follows. Ly was the manager of American U.S.A. Food Distributors, the premises where the search warrant was executed. Ly had taken $10,000 from her safety deposit box at Pittsburgh National Bank's Bloomfield office. The purpose for obtaining the funds was to lend money to her ex-husband. Ly had saved the money over a period of time from various sources of income including her manager's position and from rent from apartment buildings she owned. The $10,000 in cash was in consecutively numbered 100 dollar bills and non-consecutively numbered 100 dollar and 50 dollar bills. When Ly would accumulate a certain sum of cash she would exchange that cash for larger bills at the bank.

The trial court found further that the Commonwealth failed to introduce any evidence, which would support a finding that the cash was contraband, and/or derivative contraband. The trial court concluded that the Commonwealth failed to show a nexus between the cash in question and any alleged criminal activity. The trial court pointed out that neither Ly nor the subject of the search, Tai Thi Nguyen, had ever been charged with a criminal offense. Finally, the trial court concluded that there was no evidence that any contraband was seized as a result of the search.

Accordingly, the trial court orally granted the motion to return seized property, denied the Commonwealth's motion to forfeit, ordered that the search of Ly's purse was an illegal search and seizure, ordered that the $10,000 be returned to Ly, and ordered that the $680 be held until the rights to such money could be determined. After a request by the Commonwealth to enter an adverse order, the trial court issued a written order of its ruling. This appeal followed.

On appeal, the Commonwealth raises the following issues:

1. Whether trial court improperly deprived the Commonwealth of due process that it is entitled to under the Pennsylvania Rules of Civil Procedure with regard to the petition for forfeiture and the motion for return of seized property.

2. Whether the trial court abused its discretion in denying the Commonwealth a postponement in this case.

3. Whether the Commonwealth's petition for forfeiture was properly before the trial court.

4. Whether the suppression issue was properly before the trial court and whether the trial court erred, as a matter of law, in ruling that the Commonwealth's seizure of the money from the purse was unconstitutional.

■ Initially, we note that this court's scope of review is limited to examining whether the findings of fact made by the trial court are supported by competent evidence, and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Fontanez,* 679 A.2d 1361 (Pa. Cmwlth.1996), *petition for allowance of appeal granted,* 547 Pa. 732, 689 A.2d 236 (1997). A trial court abuses its discretion if, in reaching a conclusion, the law is overridden or misapplied or judgment exercised is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. *Van Dine v. Gyuriska,* 552 Pa. 122, 713 A.2d 1104 (1998). An abuse of discretion is not merely an error of judgment. *Id.*

In support of the first three issues, the Commonwealth argues that the trial court deprived the Commonwealth of due process by denying it the opportunity to take advantage of discovery with respect to its petition for forfeiture as set forth in the Rules of Civil Procedure. In addition, the trial court erred in denying the Commonwealth's requests for continuance so that adequate discovery and production of witnesses could be obtained.

The Commonwealth contends that it had little or no time to prepare for the trial court proceedings in this case and that it was denied all discovery rights in this matter. The Commonwealth points out that it requested a postponement on August 20, 1996, which the trial court denied. The Commonwealth argues that this denial was an abuse of discretion because: (1) the district attorney's office had little knowledge of the matter because criminal charges had not been brought in connection with the seizure; (2)

there was a pending federal investigation; and (3) the Commonwealth informed the trial court that it intended to file a petition for forfeiture and interrogatories and requests for production of documents in aid of the petition for forfeiture.

The Commonwealth states that it renewed its request for postponement on August 21, 1996 when it filed the forfeiture petition. The Commonwealth contends that the petition was properly before the trial court as an answer to the motion to return seized property; therefore, it was timely and cannot be set aside absent a showing of prejudice.

The Commonwealth also argues that the trial court abused its discretion in denying the Commonwealth's request for postponement on August 21, 1996 when the Commonwealth stated that its witness was now unavailable and that the Commonwealth be given time for discovery and investigation. The Commonwealth filed interrogatories on August 23, 1996 after which the trial court again refused to continue the matter in accordance with the Rules of Civil Procedure. The Commonwealth contends that this was reversible error because the Rules of Civil Procedure are applicable to civil in rem forfeiture cases. *See Commonwealth v. $8006.00 U.S. Currency,* 166 Pa.Cmwlth. 251, 646 A.2d 621 (1994) (Discovery is permitted in forfeiture proceedings under the Forfeiture Act, 42 Pa.C.S. §§ 6801–6802, and is governed by the discovery rules found in the Pennsylvania Rules of Civil Procedure).

Herein, Ly instigated the proceedings before the trial court when she filed a motion to return seized property pursuant to Pa. R.Crim.P. 324. The purpose of such a motion is to secure the return of property seized by the police. Rule 324, Motion for Return of Property, provides:

(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

(c) A motion to suppress evidence under Rule 323 may be joined with a motion under this Rule.

Our Supreme Court recently addressed Rule 324 and the respective burdens of the parties and the possible forfeiture of seized property.

Under this rule, on any motion for return of property, the moving party must establish entitlement to lawful possession. Then it is the Commonwealth's burden to prove that the property at issue is contraband. Forfeiture does not, however, automatically ensue when a motion for return of property is denied. It is improper to award forfeiture, under the Controlled Substances Forfeiture Act, unless a request for forfeiture has been duly made. Such a request may typically be set forth as new matter in response to a petition for return of property, such that the two matters can be heard together. Nevertheless, a proceeding for return of property is distinct from a forfeiture proceeding, and, although the two types of action may commonly be heard together, to file one type of action does not in itself serve to initiate the other.

*Commonwealth v. Mosley,* 549 Pa. 627, 631–32, 702 A.2d 857, 859 (1997) (citations omitted).

In this case, instead of filing an answer and new matter to Ly's motion to return seized property, the Commonwealth filed a separate petition for forfeiture. It is clear from the hearing transcripts, that the Commonwealth believed that because it filed a separate petition for forfeiture, it was entitled to a stay of the proceedings on the motion for return of seized property while it conducted discovery with respect to the petition for forfeiture. The trial court disagreed with this assertion and denied the Commonwealth's requests for a continuance of the proceedings on the motion for return of seized property.

■ Contrary to the Commonwealth's contentions, we hold that the trial court's refusal to grant a continuance or stay because the Commonwealth had filed a petition for forfeiture was not an abuse of discretion. As pointed out by the Supreme Court in *Mosley,* while a motion for return of seized property and a request for forfeiture may be heard together, a proceeding for return of property is distinct from a forfeiture proceeding. Accordingly, the trial court did not abuse its discretion by not staying the proceedings on the motion for return of seized property because the Commonwealth had filed a separate petition for forfeiture.

■ We also hold that the trial court did not abuse its discretion in denying the petition for forfeiture without permitting the Commonwealth to complete discovery. The trial court's findings that: (1) the $10,000 seized from Ly's purse belonged to Ly; and (2) the Commonwealth failed to introduce any evidence which would support a finding that the cash was contraband and/or derivative contraband, are supported by the record. By the last day of the hearings on the motion to return seized property conducted on August 23, 1996, the Commonwealth simply had not presented any evidence to support a finding that the $10,000 was contraband or derivative contraband. Accordingly, since the Commonwealth failed to meet its burden that the cash at issue was contraband resulting in the granting of the motion to return seized property, the trial court did not abuse it discretion in denying the Commonwealth's petition for forfeiture prior to the completion of discovery. If the trial court had denied the motion for return of seized property perhaps the trial court's actions could have been viewed as an abuse of discretion. However, by ordering the return of the property at issue, i.e., the $10,000 in cash, there was nothing left to forfeit; therefore, there was no need to proceed with the separate forfeiture petition.

■ Moreover, the trial court did not abuse its discretion in denying the Commonwealth's requests for a postponement on August 21, 1996 and August 23, 1996 because of

the short time that the Commonwealth alleg-
edly had to prepare and the unavailability of
witnesses. The record reveals that the Com-
monwealth did not seek a continuance prior
to the first scheduled hearing on August 20,
1996. In addition, the Commonwealth had
two weeks to prepare prior to the first sched-
uled hearing on the motion to return seized
property. With respect to the unavailability
of a witness, the Commonwealth indicated to
the trial court on August 21, 1996, that the
witness was available the previous day, Au-
gust 20 th, but was unavailable on August
21 st, and that his testimony would be mini-
mal. If the Commonwealth knew the wit-
ness would not be available after August 20,
1996, it was the Commonwealth's responsibil-
ity to call the witness when he was present
on August 20 th. Therefore, we hold that the
trial court did not abuse its discretion in this
regard.

Accordingly, the order of the trial court is
affirmed.[2]

### ORDER

NOW, this 29th day of March, 1999, the
order of the Court of Common Pleas of Alle-
gheny County at Misc. No. 744 August 1996
and 780 August 1996, dated August 23, 1996,
is affirmed.

**2.** Based on our resolution of the first three issues
raised by the Commonwealth in this appeal, we
do not need to address the remaining issues of
whether the suppression issue was properly be-

fore the trial court and whether the trial court
erred in ruling that the Commonwealth's seizure
of the money from Ly's purse was unconstitu-
tional.