# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Marinkovic,    :
                  Appellant    :
                  :
     v.    :    No. 282 C.D. 2018
          :    Submitted:  September 13, 2019
Mercer County Tax Claim    :
Bureau, Mercer County,    :
Scott Boyd, Timothy McGonigle    :
and Matthew McConnell    :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge[1]
          HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED:  October 21, 2019**


## I.    INTRODUCTION

The current appeal has its origins in an effort by Appellant M. Marinkovic (Marinkovic), in late 2015, to purchase residential real property on Wallis Avenue in the City of Farrell, Mercer County (Wallis Avenue Property), from the Mercer County Tax Claim Bureau (Bureau) for $400.  As we can best glean from the allegations set forth in the pleadings before the Mercer County Court of Common Pleas (trial court), Marinkovic alleges that the Bureau hindered the purchase and his effort to purchase a second/alternative residential real property on Washington Street

---

[1] This matter was assigned to the opinion writer before September 1, 2019, when Judge Simpson assumed the status of senior judge.

in the City of Farrell from the Bureau (Washington Street Property), when the Bureau (a) initially misrepresented the costs associated with the purchase of the properties while later attempting to impose on Marinkovic higher costs and added conditions not previously disclosed, and (b) failed/refused to consummate the sale until sometime in 2016.

This led Marinkovic, who has a well-documented history as a *pro se* plaintiff in state and federal courts through the clever use of nicknames, aliases, and pseudonyms,[2] to commence this action in the trial court in January 2016. Following removal and remand to the United States District Court for the Western District of Pennsylvania (District Court) and multiple amended pleadings, what is presently before this Court is Marinkovic's appeal of an Order dated January 29, 2018 (but filed January 30, 2018), in which the trial court (a) denied Marinkovic's motion seeking additional time to respond to preliminary objections to his Third Amended Complaint and (b) granted the preliminary objections with prejudice, thereby effectively dismissing Marinkovic's lawsuit. On appeal, Marinkovic alleges several errors by the trial court. After a thorough review of the record in this matter, and for the reasons set forth below, we will affirm, in part, and vacate, in part, the trial court's order and remand for further proceedings.

## II.    BACKGROUND

Marinkovic initially commenced this action only against the Bureau. In his initial complaint (First Complaint), Marinkovic alleged to be the equitable owner of the Washington Street Property, citing the Bureau's November 30, 2015 letter accepting his bid to purchase the property for $400. (First Compl. ¶ 1 & attached

---

[2] *See, e.g.*, *Marin v. U.S. Econ. Dev. Admin.*, No. 2:15cv0792, 2018 WL 4636203, at *1 n.1 (W.D. Pa. Sept. 27, 2018); *Marin v. Biros*, No. 2:11cv884, 2014 WL 2600223, at *1 n.1 (W.D. Pa. June 10, 2014).

letter.)  Marinkovic alleges, however, that the sale was never consummated because the Bureau sought to impose upon him, after the fact, unlawful rules, procedures, and costs incidental to his bid to purchase the property.  (*Id.* ¶¶ 3-13.)  The First Complaint included six counts alleging violations of state and federal law, including the United States Constitution, and sought declaratory and injunctive relief.  After the Bureau filed preliminary objections, Marinkovic availed himself of the opportunity under the Pennsylvania Rules of Civil Procedure to file an amended pleading, thereby mooting the Bureau's preliminary objections to the First Complaint.  Pa. R.C.P. No. 1028(c)(1).

In his amended complaint (First Amended Complaint), Marinkovic added additional claims and additional defendants.  In addition to the Bureau, he named as defendants Mercer County and County Commissioners Scott Boyd, Timothy McGonigle, and Matthew McConnell in their personal capacities (collectively, County Defendants).  As additional claims, Marinkovic added, *inter alia*, a cause of action for common law fraud and a count claiming an invasion of privacy and conversion relative to the Bureau's insistence that he produce his driver's license as proof of identity and the Bureau's purported decision to make the driver's license information a public record.

The County Defendants removed the case to the District Court.  In response, Marinkovic filed a motion with the District Court, asking permission to strip the federal claims from his suit, as set forth in a filed Second Amended Complaint.  He also filed a motion to remand the matter back to the trial court.  The District Court granted the motion to dismiss the federal claims and the motion to remand.  In so doing, the District Court remanded the matter to the trial court, with the Second Amended Complaint serving, however briefly, as the operative

3

complaint. *See Marinkovic v. Mercer Cty. Tax Claim Bureau*, 2:16-cv-292, 2017 WL 1134566 (W.D. Pa. Mar. 27, 2017).

Like his prior complaints, Marinkovic's Second Amended Complaint included multiple counts, seven total (though not consecutively numbered). He restated many of his constitutional claims, previously grounded in the United States Constitution, in terms of rights afforded under the Pennsylvania Constitution and asserted some new claims. Specifically, Marinkovic attempted to set forth tort causes of action for fraud regarding the terms of sale for property offered for sale by the Bureau (Count I) and invasion of privacy and conversion regarding his driver's license information (Count VII). Marinkovic sought a declaratory judgment as to who can publish private sale notices (Count III). He also sought *declaratory and injunctive relief* based both on the due process protections found in Article I of the Pennsylvania Constitution and on equal protection under the Pennsylvania Constitution as to: the County Defendants' deed issuance procedures (Count IV); his dispute with the Bureau as to how to calculate transfer taxes (Count V); and the County Defendants' retention of his driver's license and disclosure of the same to the public (Count VI). Marinkovic also included a count for ejectment or, in the alternative, quiet title with respect to the Washington Street Property (Count X).

Upon remand to the trial court, the County Defendants filed preliminary objections to all seven of the counts in the Second Amended Complaint. The trial court sustained the preliminary objections for failure to state a cause of action upon which relief may be granted (demurrer) and dismissed the objected-to counts.[3] (Opinion and Order, Sept. 12, 2017.) With respect to the counts for fraud and

---

[3] The Honorable Thomas R. Dobson authored the trial court's opinion, dated September 12, 2017, disposing of County Defendants' preliminary objections to the Second Amended Complaint.

4

invasion of privacy and conversion specifically (Counts I and VII), the trial court also concluded that Marinkovic's claims against the County Defendants were barred by the governmental immunity provisions of the Political Subdivision Tort Claims Act (Tort Claims Act).[4] (*Id*. at 5-7, 9-12.) Further, to the extent that Marinkovic asserted these claims against the County Commissioners in their personal capacities, the trial court dismissed the claims for failure to plead sufficient facts in support. (*Id*. at 8-9.)

The trial court also specifically addressed the merits of the remaining counts, which sought declaratory and/or injunctive relief. With respect to who can publish private sale notices (Count III), the trial court dismissed Marinkovic's claim that the Bureau altered the notice requirements provided by Section 613 of the Real Estate Tax Sale Law (RETSL)[5] by requiring that the Bureau, and not the purchasers of properties, provide notice of a private sale. (*Id*. at 14-16.) The trial court reviewed the legislative history of Section 613 of the RETSL and concluded that the General Assembly intended to place the onus of posting notice of a private tax sale on the Bureau. (*Id*.) The trial court dismissed the counts asserting constitutional challenges

---

[4] 42 Pa. C.S. §§ 8541-42.

[5] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.613. In terms of notice of a proposed private sale of property held by a tax bureau following an unsuccessful public sale, Section 613 of the RETSL requires:

> Notice of the proposed sale, stating the price and the property proposed to be sold, shall be given to each such taxing district and to the owner of the property. Notice shall also be given by publication at least two (2) times, with approximately ten (10) days intervening between each publication, in at least one (1) newspaper of general circulation published in the county where the property is located and in the official legal journal of that county. The notice by publication shall set forth the location of the property, the date and place of sale, the price and terms of sale, and provision that the property will be sold free and clear of all tax claims and tax judgments.

5

to the Bureau's deed issuance procedures (Count IV) and the County Defendants' alleged demand for, retention of, and dissemination of Marinkovic's driver's license information (Count VI) after concluding that those claims raised political questions best left to the legislature and not to the courts. (*Id*. at 16-18.) In dismissing Count V, the trial court determined that Marinkovic did not put forth any arguments to support his allegation that the transfer tax assessed on the value of the property, rather than its actual sale price (*i.e.*, his bid price of $400), violated his due process and equal protection rights under the Pennsylvania Constitution. (*Id*. at 18-20.) Ultimately, the trial court dismissed all of the counts set forth in the Second Amended Complaint, but granted Marinkovic leave to file yet another amended complaint within twenty days. (*Id*. at 21.)

After securing an extension of time from the trial court, Marinkovic filed his Third Amended Complaint on October 23, 2017. The most pertinent averments set forth therein may be summarized as follows. In August 2015, Marinkovic sought information from the Bureau on how to buy real property by private sale from the Bureau's "repository list." (Third Amended Compl. ¶ 6.) Marinkovic was informed, we infer by someone within the Bureau, that the repository list includes properties presented to the public for "upset sale," but for which no one lodged a minimum bid. Such properties may be offered for private sale under the following terms, which Bureau staff communicated to Marinkovic:

> (a) [Marinkovic] could offer only a few hundred dollars if he wants; (b) if his bid is approved, he could buy a house for that amount, plus costs like recording and advertising fees and transfer taxes; [(c)] a deed would be issued free and clear of all tax liens except IRS claims; (d) he would have to do his own title search to see if there are any mortgages on any properties he wants to buy; (e) he could make these offers to buy a house immediately and did not have to wait for some sale date or court hearing in 2015 or

6

any other year; (f) once approved, [Marinkovic] would have to pay a deposit of $200 to hold the house until the advertising phase is completed and he would have to pay the rest to get the deed; (g) the Bureau itself would issue the deed and it would not have to go before a judge like in a judicial sale.

(Third Amended Compl. ¶ 10.)  Marinkovic asked the Bureau whether there were any written rules that governed the transaction, to which the Bureau responded in the negative.  (*Id.* ¶ 12.)  Marinkovic alleges further that the County Commissioners were aware that the foregoing terms were the terms that Bureau personnel conveyed to him as agents of the Commissioners.  (*Id.* ¶ 9.)

Over the next several weeks, Marinkovic took steps to identify a property to purchase.  He settled initially on the Wallis Avenue Property, submitting a bid of $400 on September 15, 2015 to the Bureau to purchase it.  (Third Amended Compl. ¶¶ 14-19.)  Based on his research, including a conversation with the County Recorder, Marinkovic believed that the costs associated with such a purchase, including taxes, would likely be less than $100.  He further came to believe that the Bureau was likely to accept his bid.  (*Id.* ¶¶ 16, 20.)  Accordingly, he took steps to establish his residency and a business in Mercer County, foregoing efforts in another state and incurring expenses both in traveling to Mercer County to identify and purchase the Wallis Avenue Property and to advertise his new business.[6]  Those expenses, along with the costs that he anticipated with respect to his purchase of the Wallis Avenue Property, exhausted his savings. (Third Amended Compl. ¶ 21.)

The Bureau approved Marinkovic's bid on October 5, 2015, although the Bureau did not send written notification to Marinkovic immediately.

---

[6] Marinkovic does not include any specific factual allegations in his pleading about the nature of his purported new business.  He alleges, however, that he paid $1,300 to advertise it with a Mercer County address.  (*Id.* ¶ 20.)

7

Marinkovic, therefore, was not immediately aware that the Bureau had included additional terms of sale in the approval letter. (Third Amended Compl. ¶ 22.) Prior to receipt of the letter, Marinkovic contacted the Bureau, which informed him that his bid had been accepted and the approval letter was mailed on October 5, 2015. (*Id.* ¶ 22, 23.) During that conversation, the Bureau informed Marinkovic that he had to submit his $200 deposit. (*Id.* ¶ 23.) For the first time, however, the Bureau informed Marinkovic that they would not advertise the sale until Spring 2016, delaying closing of the sale until sometime in Fall 2016. (*Id.* ¶ 24.) They also informed him that he could not advertise the sale on his own in an effort to avoid the delay. (*Id.* ¶ 25.) Marinkovic characterizes these revelations as "new terms" not previously disclosed and to which he did not agree. (*Id.* ¶¶ 24-26.) Due to the fact that he had already advertised his business and lacked the funds to start over, Marinkovic at that point felt compelled to stay the course and purchase the property. (*Id.* ¶ 26.)

Thereafter, he received the October 5, 2015 letter, approving his bid. Marinkovic alleges that the letter, which he does not attach to his Second Amended Complaint, required him to pay $579 in costs in addition to the $400 purchase price. (*Id.* ¶ 27.) He contacted the Bureau by telephone to complain. (*Id.* ¶ 28.) The Bureau, we again infer through an unnamed individual, told Marinkovic that the extra "closing costs" are consistent with what all purchasers pay. (*Id.*) When pressed for details, the individual refused to provide them. (*Id.* ¶ 28, 29.) Marinkovic went to the Bureau offices on October 21, 2015. (*Id.* ¶ 30.) Marinkovic alleges that during that visit, the Bureau, through an unnamed individual, told Marinkovic that he must deposit his driver's license with the Bureau as a condition of moving forward with the sale. (*Id.* ¶ 30-31.) He characterizes this demand as

8

"another surprise," not previously communicated to him. (*Id.* ¶ 31.) He further alleges that the Bureau informed him that the Commissioners insisted that he do so as a condition of the sale. (*Id.* at ¶ 30, 31.) Marinkovic provided his driver's license under protest, and the Bureau retained a photo copy of it. (*Id.* ¶ 32.)

Marinkovic alleges that he attempted to find alternative temporary housing in Mercer County so he could start his business as planned instead of waiting what he estimated would be nine months until closing on the Wallis Avenue Property. (*Id.* ¶ 34-36.) He does not allege whether he was successful in this effort. He does allege, however, that he identified the Washington Street Property as an alternative, lower-cost option to the Wallis Avenue Property. (*Id.* ¶ 37.) He, therefore, informed the Bureau of his desire to withdraw his bid on the Wallis Avenue Property and transfer his $400 bid, along with his $200 deposit, to the Washington Street Property. (*Id.* ¶ 38.) The Bureau approved the request on November 30, 2015. (*Id.*) Marinkovic alleges that this move was an effort to mitigate his losses, incurred as a result of the misrepresentations that the Bureau and the Commissioners made with respect to the Wallis Avenue Property. (*Id.* ¶¶ 39, 40.)

When Marinkovic appeared at the Bureau to receive the written approval of his bid on the Washington Street Property, he was informed by an unnamed individual that his driver's license information was now a "public record." (*Id.* ¶ 41-42.) Marinkovic claims that this was yet another "new term of sale" of which he had no prior knowledge and to which he did not agree. (*Id.* ¶ 42.) Marinkovic also learned that the Bureau had tripled the closing costs, from $579 for the Wallis Avenue Property to $1,600 for the Washington Street Property. (*Id.* ¶ 44.) He alleges that the Bureau did so to punish him for asking so many questions and

9

challenging the closing costs for the Wallis Avenue Property. (*Id.* ¶ 45.) As an explanation, the Bureau, through an unidentified staff member, claimed that the higher closing cost is due to the fact that the transfer tax is imposed on the assessed value of the property, then $20,000, and not the actual purchase price of $400. (*Id.* ¶ 46.) The Bureau staff member informed Marinkovic that the Commissioners made the decision to impose the transfer tax on the higher amount. (*Id.* ¶ 50.)

Based on the foregoing, Marinkovic includes five purported causes of action against the County Defendants in his Third Amended Complaint. First, Marinkovic attempts to assert a common law fraud claim, based on the alleged misrepresentation and omissions described above with respect to the terms of his effort to purchase first the Wallis Avenue Property and then the Washington Street Property, specifically with respect to the following: (1) the anticipated amount of closing costs on a $400 purchase, particularly the calculation of transfer taxes; (2) the time it would take to close the transaction based on the Bureau's policy with respect to advertising the purchase; (3) the demand that he waive his privacy right as a condition to purchase the property by submitting his driver's license to the Bureau. (Third Amended Compl. ¶¶ 51-66.) Marinkovic characterizes these misrepresentations and omissions as a "bait-and[-]switch" scheme to entice purchasers to expend resources on what looks like a good deal, only to later force additional undesirable terms on purchasers who relied on the original terms and, therefore, are not in a position to walk away. (*Id.* ¶¶ 57-65.) As relief, Marinkovic seeks a finding of fraud and an award of actual damages in the amount of $150,000 and punitive damages of $50,000 against each named County Commissioner in his personal capacity. (*Id.* ¶ 66.)

10

In his second cause of action, Marinkovic purports to seek redress for violations of Article I, Sections 1,[7] 11,[8] and 17[9] of the Pennsylvania Constitution. Couched in terms of violations of due process, Marinkovic takes issue specifically with the County Defendants' demand that he pay a transfer tax imposed on the assessed value of the Washington Street Property ($20,000) and not the purchase price ($400). Marinkovic alleges that the demand violates Section 628 of the RETSL, 72 P.S. § 5860.628, which provides, in relevant part: "Notwithstanding any other provisions of the various assessment laws of this Commonwealth, the price for which property is sold under this subarticle of the act only, shall be deemed to be the fair market value of the property for tax assessment purposes." Section 625 of the RETSL is found in Article V, subarticle (f) of the RETSL, titled "Repository for Unsold Property" and provides:

> It is the intent of this subarticle to establish a procedure to minimize the number of properties which the county, through the tax claim bureau, holds because of delinquent tax claims, recognizing that some properties have little or no value except perhaps to a neighboring

---

[7] This section of the Pennsylvania Constitution provides: "All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness." Pa. Const. art. I, § 1.

[8] This section of the Pennsylvania Constitution provides:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11.

[9] This section of the Pennsylvania Constitution provides: "No ex post facto law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const. art. I, § 17.

11

property owner and that holding such properties constitutes a cost to the county and bureau.

72 P.S. § 5860.625. Marinkovic claims that this violation of the RETSL deprived him of due process protections afforded him under the cited state constitutional provisions. He seeks damages of $1 million against each named defendant or, in the alternative, injunctive relief requiring the transfer of "the house" (we assume the Washington Street Property) to him with a transfer tax imposed on his purchase price of $400 and not the assessed value. (Third Amended Compl. ¶¶ 77, 78.)

The third cause of action is centered on Marinkovic's challenge to the demand that he provide his driver's license to the Bureau, but more specifically his contention that the Bureau, at the direction of the County Commissioners, has made his driver's license information a "public record." (*Id.* ¶¶ 79-87.) Marinkovic characterizes these actions as violative of his privacy and due process rights, as well as Section 708(b) of the Right-to-Know Law (RTKL).[10] As for relief, his demand is identical to the relief he seeks on his second cause of action, detailed above. (Third Amended Compl. ¶¶ 90-91.)

In his fourth cause of action, Marinkovic, citing Article I of the Pennsylvania Constitution, seeks to hold each of the County Commissioners' liable for "deliberate indifference." He alleges that he made a direct written plea on December 16, 2015, to each Commissioner to remedy each of the wrongs described above. (Third Amended Compl. ¶ 93.) He further notes that while this action has been pending since 2016, the Commissioners have not done anything to address his grievances. (*Id.* ¶ 94.) Their inaction, Marinkovic alleges, constitutes "acquiescence" and "deliberate indifference" that is actionable in a court of law. (*Id.* ¶¶ 96-97.) He claims that he suffered constitutional harm to his due process rights,

---

[10] Act of Feb. 14, 2008, P.L. 6, 65 P.S. § 67.708(b).

that harm being the denial of a process to remedy the violation to his privacy rights. (*Id.* ¶¶ 97, 100.) Marinkovic's demand for relief is identical to the prior claims. (*Id.* ¶ 102.)

Marinkovic's final claim is titled as a claim for "ejectment." Essentially, Marinkovic contends that he is entitled to ownership and immediate possession of the Washington Street Property. He claims that the Bureau accepted his $400 bid for the property. (Third Amended Compl. ¶ 106.) He further alleges that he satisfied all of the notice requirements required under Section 613 of the RETSL in March 2016 and provided proof thereof to the County Defendants. (*Id.* ¶¶ 107, 108.) He alleges further that he attempted to tender to the Bureau the balance of the $400 purchase price, but the Bureau refused to accept it. (*Id.* ¶ 109.) In short, Marinkovic alleges that all of the steps required to complete his purchase of the Washington Street Property have been satisfied, that he is ready, willing, and able to consummate the purchase on the agreed-to terms, but that the Bureau has refused to convey the property to him. (*Id.* ¶¶ 107-109.) As relief, Marinkovic seeks a judicial determination that: he is excused from paying the balance of the purchase price ($200); the sale was effective on March 18, 2016, the date of sale that he set in his published notices; the Bureau be enjoined from refusing to issue him a deed for the Washington Street Property; and that the Bureau essentially be "ejected" from exercising ownership and control over the Washington Street Property. (*Id.* ¶ 111.)

At the request of the County Defendants, the trial court granted the County Defendants additional time, until November 30, 2017, to file a responsive pleading addressed to the Third Amended Complaint. (Order, Nov. 6, 2017.) The County Defendants filed preliminary objections to the Third Amended Complaint on November 30, 2017. In their preliminary objections, the County Defendants

13

generally assert that the Third Amended Complaint fails to cure the legal deficiencies in the Second Amended Complaint, previously dismissed by the trial court. In terms of specific objections, the County Defendants asserted the following:

> a. The First Cause of Action (fraud) is precluded by the immunity under the [the Tort Claims Act], the Commissioners' immunity as high public officials, and the failure to meet the elements for a fraud claim;
>
> b. The Second Cause of Action (violation of statute for sale of property) fails to state a claim under the law as the procedures for a Private Tax Sale are within the province of the Tax Claim Bureau and are not subject to judicial review under the political question doctrine;
>
> c. The Third Cause of Action (violation of privacy) is not actionable under the law cited and the request for personal identification also falls within the political question principle;
>
> d. The Fourth Cause of Action (deliberate indifference) against the individual County Commissioners fails due to their immunity from suit and failure to state a claim for a federal constitutional claims (sic) in a state law action;
>
> e. The Fifth Cause of Action (ejectment) is legally insufficient as there was no violation of the state procedure for the proposed tax sale; and
>
> f. Punitive damages are not recoverable in this action.

(Preliminary Objections to Third Amended Complaint ¶ 6.) The County Defendants concurrently filed with their preliminary objections a brief in support. As relief, the County Defendants asked that the trial court dismiss the Third Amended Complaint with prejudice.

Thereafter, on December 11, 2017, Marinkovic filed a "Notice of and Motion to Extend Time to Respond and Change of Address" (First Extension

14

Motion). Therein, Marinkovic notified the parties and the Court of his new "mailing" address in the Bronx, New York. He also requested an extension of time to respond to the County Defendants' filings, "if any," of 30 days, claiming he had not yet received what, if anything, the County Defendants filed in response to the Third Amended Complaint by the November 30, 2017 extended deadline approved by the trial court. According to Marinkovic, "the normal response period appears to be 10 days." On December 19, 2017, through handwritten notations written on the First Extension Motion, the trial court denied Marinkovic's motion.

On January 16, 2018, Marinkovic filed a second motion with the court, seeking additional time to respond to the County Defendants' preliminary objections to his Third Amendment Complaint (Second Extension Motion), a copy of those preliminary objections, and another change of mailing address to a location in Catonsville, Maryland. He alleged that various courts informed him that the mail they sent to him was not delivered. He claimed that he still did not have a copy of the County Defendants' preliminary objections. He further claimed that he called the trial court Prothonotary and asked whether any orders had been filed but he received no response. He, therefore, sought additional time to respond to the preliminary objections and an order directing the trial court clerk to send him a copy of the preliminary objections to his new mailing address in Catonsville, Maryland.

The County Defendants filed a response to the Second Extension Motion. Therein, the County Defendants cast doubt on Marinkovic's claim that he had not been properly served with the preliminary objections. They point out that since the litigation began, Marinkovic has purported to change his mailing address seven times while, at each instance, claiming not to have received court filings or orders. The County Defendants accused Marinkovic of engaging in gamesmanship

15

through a pattern of activity intended to delay resolution of the County Defendants' preliminary objections.

As to Marinkovic's response, or lack thereof, to the pending preliminary objections, the County Defendants alleged that he had not yet filed one. The County Defendants then directed the trial court to Mercer County Local Rule of Civil Procedure L208.3(b)(3), which provides:

> (3) If a party's brief is not timely filed, the court may, in its discretion:
>
> (a) Disregard any untimely brief;
>
> (b) Refuse oral argument by the offending party;
>
> (c) Consider the issues raised by the offending party to be waived;
>
> (d) Order argument continued;
>
> (e) Enter such other order as the interests of justice may require.

Pursuant to this local rule, the County Defendants requested that the trial court preclude Marinkovic from filing a response to the preliminary objections, find that Marinkovic waived his right to respond, and grant the preliminary objections with prejudice.

The trial court conducted a hearing on the Second Extension Motion on January 29, 2018, with Marinkovic and counsel for the County Defendants present. Neither party entered evidence into the record. Rather, the on-the-record exchanges between the parties and the trial court focused on clarifying the procedural history of the case, Marinkovic's shifting mailing addresses, and his purported lack of receipt of court filings. At no point during this hearing did the parties or the trial court address the merits of the pending preliminary objections. Nonetheless, at the conclusion of the on-the-record argument, the trial court entered the following order:

16

AND NOW, this 29th day of January 2018, upon consideration of the Plaintiff's Second Notice of and Motion to Extend Time to Respond and Request For Copy of Preliminary Objections and Change of Address, and the Defendant[s'] responses, IT IS HEREBY ORDERED that said motion is DENIED.

IT IS FURTHER ORDERED that the Plaintiff is precluded from filing a response to the preliminary objections, has waived his right to respond, and the Defendant[s'] preliminary objections are granted with prejudice.

(Tr., Jan. 29, 2018, at 8.) The trial court thereafter filed the separate consistent Order on January 30, 2018, but dated January 29, 2018, which is the subject of this appeal.[11]

Marinkovic appealed to this Court. The trial court directed that he file a statement of matters complained of on appeal, which he did. In his statement, Marinkovic first alleged that the trial court erred or abused its discretion in dismissing his case for failing to respond timely to the County Defendants' preliminary objections, contending (a) that he had no duty to file such a response because the County Defendants did not endorse their preliminary objections with a notice to plead; and (b) that he never received the preliminary objections and, therefore, could not respond to them. As to the merits, Marinkovic contended that the County Defendants waived all of their objections and his claims are properly stated.

In response, the trial court issued an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a) (Rule 1925(a) Opinion). Responding to Marinkovic's first issue, the trial court opined that the County Defendants were not required to include a notice to plead with their preliminary objections because they did not rely on allegations of additional facts beyond those

---

[11] The Honorable Robert G. Yeatts, President Judge, presided over the hearing and issued the Order, effectively dismissing the Third Amended Complaint with prejudice.

17

set forth in Marinkovic's Third Amended Complaint. "As such," the trial court reasoned, "the notice to plead is not required . . . *and does not excuse Plaintiff's failure to file a response.*" (Rule 1925(a) Opinion at 4 (emphasis added).)

Responding to Marinkovic's second issue, the trial court discredited Marinkovic's claims that he did not receive the preliminary objections in the mail, pointing to his numerous mailing address changes during the pendency of this matter as well as his repeated claims that he never received filings from the trial court or the County Defendants. The trial court also noted that it had previously granted Marinkovic extensions of time. The trial court then cited Mercer County Local Rule of Civil Procedure L208.3(b)(3), quoted above, and explained why it dismissed the Third Amended Complaint with prejudice:

> Being that the Plaintiff has continuously made claims of issues with mailing and repeatedly used this reason to delay proceedings in this matter, the Court denied Plaintiff's motion to extend time for filing a response to Defendants' preliminary objections and granted all of Defendants' preliminary objections, dismissing the Third Amended Complaint.

(Rule 1925(a) Opinion at 5.) The trial court continued: "Moreover, as more fully explained below, had the Plaintiff timely filed his response, the Court would have found Defendants' objections to have merit, and granted them nonetheless, dismissing Plaintiff's Third Amended Complaint." (*Id.*)

Responding to Marinkovic's remaining issues on appeal, and explaining how it would have nonetheless granted the preliminary objections *even if* Marinkovic had filed a timely response, the trial court rejected Marinkovic's waiver argument. The trial court also agreed with the County Defendants' position that the Third Amended Complaint suffered from the same defects as the Second Amended Complaint. Accordingly, citing to the earlier September 12, 2017 Opinion and Order

18

sustaining the preliminary objections to the Second Amended Complaint, the trial court opined that it "would have granted" the County Defendants' preliminary objections for the reasons set forth in the earlier opinion. The trial court requested that we affirm.

In his brief on appeal, Marinkovic begins by arguing that the trial court's September 12, 2017 Opinion and Order, sustaining the preliminary objections to the Second Amended Complaint, was erroneous. Marinkovic reasons that it is appropriate for him to contest the earlier opinion now, as the trial court relied on it in the Rule 1925(a) Opinion as a basis to dismiss the Third Amended Complaint. Marinkovic then turns his attention to the denial of his request for additional time to respond to the preliminary objections. He again presses the point that absent a notice to plead, he had no duty to respond to the preliminary objections. Marinkovic raises additional arguments, addressed to the content of the trial court's Rule 1925(a) opinion and to alleged defects in the County Defendants' preliminary objections.

In their brief, the County Defendants ask that this Court "put an end to this long, drawn out, and meritless litigation" propagated by a serial vexatious plaintiff. They contend that the trial court did not abuse its discretion in denying Marinkovic an extension of time to respond to the preliminary objections. Like the trial court, the County Defendants argue that they were not obligated to include a notice to plead with their preliminary objections. They argue that Marinkovic's claims that he was not receiving mail were unsubstantiated and that the trial court, essentially, saw through his efforts to further delay resolution of the litigation. They argue that the trial court appropriately rejected Marinkovic's argument that the County Defendants waived all of their objections to the Third Amended Complaint.

19

Finally, they essentially contend, as the trial court held, that even had Marinkovic filed a timely response to the preliminary objections, it would not have mattered because the Third Amended Complaint lacks any merit.

## III. DISCUSSION

As noted above, Marinkovic's reputation precedes him. We, therefore, are not unsympathetic to the County Defendants' plea that we "put an end" to this latest chapter in his legal escapades. Indeed, we have little expectation that allowing this matter to continue in some form or for some purpose will cause Marinkovic to alter his behavior, refine his approach, or narrow/simplify his grievances. Like all litigants, however, he is expected to adhere to all applicable rules of practice and procedure and, like all litigants, could be subjected to court sanctions for engaging in dilatory, obdurate or vexatious conduct. *See, e.g.*, 42 Pa. C.S. § 2503(7) (authorizing award of reasonable attorney's fees as taxable costs). Nonetheless, like every citizen, he is guaranteed access to the courts of this Commonwealth for redress of any injury done to "his lands, goods, person or reputation." Pa. Const. art. I, § 11.

On appeal, we are reviewing a trial court order that denied Marinkovic's motion for additional time to respond to the County Defendants' preliminary objections and, as a result of Marinkovic's purported failure to timely respond to those preliminary objections, sustaining the preliminary objections with prejudice pursuant to Mercer County Local Rule of Civil Procedure L208.3(b)(3). "The application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and we will interfere only where the court commits an abuse of discretion." *Equip. Fin., Inc. v. Toth*, 476 A.2d 1366, 1369 (Pa. Super. 1984). "A trial court abuses its discretion if, in reaching a conclusion, the law is overridden or misapplied or judgment exercised

20

is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. An abuse of discretion is not merely an error of judgment." *In re Ten Thousand Six Hundred Eighty Dollars*, 728 A.2d 403, 406 (Pa. Cmwlth. 1999) (citation omitted).

It is clear from the record that the County Defendants did not include a notice to plead with their preliminary objections to the Third Amended Complaint. We agree with the trial court's and the County Defendants' shared view that the Pennsylvania Rules of Civil Procedure imposed no obligation on the County Defendants to do so. Nonetheless, what the trial court and the County Defendants do not address directly is what the absence of the notice to plead means in terms of when, *if at all*, Marinkovic was required to file a response to the preliminary objections. Our review of the record of this matter, the parties' briefs, and the trial court's disposition of the Second Extension Motion reveals the absence of a critical reference point, that being the date by which Marinkovic was supposedly required to file his response.

In proceedings governed by the Pennsylvania Rules of Civil Procedure, like this one, permitted pleadings include, *inter alia*, "a preliminary objection and a response thereto." Pa. R.C.P. No. 1017(a)(4). In terms of timing, the Pennsylvania Rules of Civil Procedure provide that all pleadings subsequent to a complaint must be filed within 20 days after service of the prior pleading, "but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead." *Id*. No. 1026(a). Here, because the County Defendants did not include a notice to plead with their preliminary objections, Marinkovic had no obligation to file a response thereto, at least under the Pennsylvania Rules of Civil Procedure.

21

The trial court and the County Defendants cite to the penalty provision found in Mercer County Local Rule L208.3(b)(3), which by its terms is triggered where a party fails to timely file *a brief*. Assuming, for purposes of analysis, that the failure below that caused the trial court to sustain the County Defendants' preliminary objections and dismiss the Third Amended Complaint was Marinkovic's failure to file a timely brief in opposition to the preliminary objections, some further examination of the relevant local rules governing the disposition of preliminary objections only raises more questions.

Mercer County Local Rule L1028(c), governing preliminary objections procedures, provides:

> (1) Preliminary objections shall be scheduled for Argument Court *by the filing of a praecipe in accordance with the procedure set forth in Local Rule L208.3(a)(4)*.
>
> (2) Briefs shall be filed and in the form set forth in L210 *and subject to L208.3(b)*.

(Emphasis added.) Mercer County Local Rule L208.3(b) provides in its entirety:

> (1) *When a moving party files a scheduling praecipe for Argument Court*, the moving party's brief shall be filed with the Court Administrator at the time the scheduling praecipe is presented, and the moving party shall serve copies of the brief on opposing counsel and unrepresented parties. *All other parties shall file with the Court Administrator a brief within fifteen (15) days after service.*
>
> (2) When a non-moving party files a scheduling praecipe, the moving party shall file with the Court Administrator and with all other parties a brief *within fifteen (15) days after filing of the praecipe*. All other parties shall file with the Court Administrator and all other parties a brief within ten (10) days of receipt of the moving party's brief.

22

(3)   If a party's brief is not timely filed, the court may, in its discretion:

      (a)   Disregard any untimely brief;

      (b)   Refuse oral argument by the offending party;

      (c)   Consider the issues raised by the offending party to be waived;

      (d)   Order argument continued;

      (e)   Enter such other order as the interests of justice may require.

(Emphasis added.)

Curiously, there is nothing in the record or in the County Defendants' brief on appeal where we see any express statement from the trial court or the County Defendants that the trial court sustained the preliminary objections to the Third Amended Complaint because Marinkovic failed to file a brief in opposition to the County Defendants' preliminary objections within the 20-day time period prescribed by the rule. Both, however, invoked the sanctions portion of Rule L208.3(b). We, therefore, must assume that was the unstated reason for the trial court's order, as failure to file a timely brief under the rule is the only circumstance that triggers the trial court's discretionary authority under paragraph (3).

The problem with that assumption, however, is that the original record does not support it. While the County Defendants filed their preliminary objections and brief in support concurrently on November 30, 2017, the certified docket sheet does not reflect the filing of a scheduling praecipe with the Court Administrator. As Mercer County Local Rule 208.3(b)(1) provides, the moving party, in this case the County Defendants, is required to file the scheduling praecipe and its brief in support at the same time. As we read Rule L208.3(b), an opposing party's obligation

23

to file a brief is not triggered unless and until the other party files a scheduling praecipe with respect to the motion at issue or, in this case, preliminary objections.

In an Order dated August 20, 2019, we noted the absence of the scheduling praecipe in the original record. We directed the trial court to supplement the record on appeal either with the filed praecipe or a certification that a scheduling praecipe was not filed. In compliance with this Court's Order, the trial court supplemented the original record on appeal with a certification from the President Judge, which provides:

> AND NOW, this 28th day of August, 2019, pursuant to the Commonwealth Court of Pennsylvania Order filed on August 20, 2019, a scheduling praecipe for Argument Court associated with the "Preliminary Objections to Plaintiff's [Third Amended] Complaint" *was never filed*.

(Emphasis added.)

In light of the foregoing, we are constrained to agree with Marinkovic that the trial court abused its discretion in denying his Second Extension Motion and sanctioning Marinkovic for failing to file "a response" that he was not yet under any obligation to file either under the Pennsylvania Rules of Civil Procedure or the Mercer County Local Rules of Procedure. Based on our review of the record, as supplemented by the trial court, it is the County Defendants in this particular instance, and not Marinkovic, that failed to file something—*i.e.*, the scheduling praecipe. In what is clearly another twist to an already contorted matter, we will affirm the trial court's denial of Marinkovic's Second Extension Motion, but on alternative grounds.[12] Marinkovic did not need an extension of time, a conclusion that should have been apparent to the County Defendants and the trial court. On that

---

[12] "We may affirm a trial court's order based on a different rationale if the basis for our decision is clear on the record." *Guy M. Cooper, Inc. v. E. Penn Sch. Dist.*, 903 A.2d 608, 618 n.9 (Pa. Cmwlth. 2006), *appeal denied*, 918 A.2d 748 (Pa. 2007).

24

ground, and that ground alone, the trial court appropriately denied the Second Extension Motion. The portion of the trial court's order sustaining the preliminary objections with prejudice pursuant to Local Rule L208.3(b)(3) will be vacated.[13]

Finally, we address the trial court's alternative point that, even if it had allowed Marinkovic to file a response, the trial court nonetheless would have sustained the preliminary objections to the Third Amended Complaint for the same reasons set forth in the September 12, 2017 Opinion and Order, sustaining the preliminary objections to the Second Amended Complaint. We recount above the counts of each complaint filed by Marinkovic. In each iteration, the gist of Marinkovic's grievance is centered on a dispute over how to calculate properly the closing costs, particularly the transfer tax, on the Washington Street Property and his desire to consummate that purchase on what he believes are the agreed-to and only terms. It is readily apparent that Marinkovic is challenged, perhaps by a combination of his *pro se* status and his litigious nature, to articulate properly and reasonably the appropriate cause of action and relief for this particular grievance. The Third Amended Complaint represents his latest effort to do so in response to the objections of the County Defendants and the rulings of the trial court. While the Third Amended Complaint has similarities to the earlier versions, it is not identical in all material respects. When the preliminary objections are ready for disposition under the Mercer County Local Rules, we urge the trial court to take a fresh look.

## IV. CONCLUSION

Based on the above discussion, we affirm, in part, and vacate, in part, the trial court's order. The portion of the trial court's order denying Marinkovic's

---

[13] We note additionally that dismissal of an action for failure to initially comply with a local rule is disfavored. *See* Pa. R.J.A. No. 103(d)(8) ("No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule.").

25

Second Extension Motion is affirmed on alternative grounds.  The portion sustaining the County Defendants' preliminary objections to the Third Amended Complaint, however, is vacated and the matter is remanded to the trial court for disposition of the County Defendants' preliminary objections to the Third Amended Complaint.


 

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

M. Marinkovic,                                    :
                        Appellant          :
                                                          :
            v.                                        :     No. 282 C.D. 2018
                                                          :
Mercer County Tax Claim                   :
Bureau, Mercer County,                     :
Scott Boyd, Timothy McGonigle         :
and Matthew McConnell                     :

# **O R D E R**

AND NOW, this 21st day of October, 2019, the order of the Mercer County Court of Common Pleas (trial court) is hereby AFFIRMED, in part, and VACATED, in part. The order is VACATED to the extent that it sustained Appellees' preliminary objections to M. Marinkovic's third amended complaint. The matter is REMANDED to the trial court for disposition of the pending preliminary objections.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge